UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORIE BROWN AND ALIVE PHILLIPS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 3:16-cv-2908 |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | **(JURY)** |
| | § | |
| Defendant. | § | |

### NOTICE OF REMOVAL
### AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, and files this Notice of Removal pursuant to 28 U.S.C. §1446(a), as well as its formal Demand for Jury Trial, and in support thereof would show the Court as follows:

1.      On September 9, 2016, Plaintiffs Lorie Brown and Alvie Phillips filed Plaintiffs' Original Petition in the matter styled *Lorie Brown and Alvie Phillips v. Metropolitan Lloyds Insurance Company of Texas,* Cause No. DC-16-11445 in the District Court of Dallas County, Texas, 68th Judicial District, in which Plaintiffs made a claim for damages under a homeowner's policy issued to Lorie Brown and Alvie Phillips by Metropolitan Lloyds Insurance Company of Texas as a result of an alleged loss at their property located at 7005 Andover Court, Rowlett, Texas 75089, which occurred on December 26, 2015.

2.      Plaintiffs served Metropolitan Lloyds Insurance Company of Texas with a copy of Plaintiffs' Original Petition on September 19, 2015.

3.      Defendant filed its Notice of Removal on October 17, 2017, which is within 30 days of receiving Plaintiffs' Original Petition.  *See* 28 U.S.C. §1446(b).  The original Notice of Removal was filed within one year of the commencement of this action.

4.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and are attached hereto as Exhibit "A."  A copy of this Notice of Removal is also concurrently being filed with the state court and served upon the Plaintiff.

5.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Dallas County, Texas, the place where the removed action has been pending.

## I.

## BASIS FOR REMOVAL

6.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

7.      Plaintiffs are, and were at the time the lawsuit was filed, citizens of Dallas County, Texas.

8.      Defendant Metropolitan Lloyds Insurance Company of Texas was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of either the State of Wisconsin or the State of Rhode Island and Providence Plantations.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Metropolitan] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex.

---

1 *See Royal Ins. Co. v. Quinn-L Capital Corp*, 3 F.3d 877, 882-884 (5th Cir. 1993), cert. denied, 522 U.S. 815 (1997); see also *Massey*, 993 F. Supp. At 570.

1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]  Accordingly, Metropolitan is a citizen of the States of Wisconsin and Rhode Island and complete diversity exists.

### A. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

9.      In determining the amount in controversy, the court may consider the "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV. A. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in Plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

10.     This is a civil action in which the amount in controversy exceeds $75,000.00.  Plaintiffs allege that Defendant is liable under a homeowners insurance policy because Plaintiffs made a claim under that policy and Defendant wrongfully adjusted and denied that claim.  Specifically, Plaintiffs allege that Defendant breached the insurance policy in effect at the time of the loss.

---

2 "Fifth Circuit jurisprudence is equally clear."  *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

The Plaintiffs are seeking monetary relief over $100,000.00, but not more than $200,000.00. (See Plaintiff's Original Petition attached as Exhibit A.)

**II.**

**THE REMOVAL IS PROCEDURALLY CORRECT**

11.     Defendant was served with the Plaintiffs' Original Petition on September 19, 2015. Defendant filed its original Notice of Removal within the 30 day time period required by 28 U.S.C. §1446(b).

12.     Venue is proper in the District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

13.     Pursuant to 28 U.S.C. §1446(a) all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

14.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs.

15.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

16.     Defendant hereby demands a trial by jury.

**III.**

**CONCLUSION**

Based on the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein

by reference, Defendant Metropolitan Lloyds Insurance Company of Texas, hereby removes this case to this court for trial and determination.

Respectfully submitted,

STACY & CONDER, LLP

_____*/s/ - Dennis D. Conder*_____

By:     Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

On October 17, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____*/s/ - Dennis D. Conder*_____

Dennis D. Conder

PAN/PLDG/575443.1/001466.16921

## Case Information

DC-16-11445 : LORIE BROWN et al vs. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

| | | |
|---|---|---|
| Case Number | Court | File Date |
| DC-16-11445 | 68th District Court | 09/09/2016 |
| Case Type | Case Status | |
| INSURANCE | OPEN | |

## Party

**PLAINTIFF**
BROWN, LORIE

Active Attorneys ▼
Lead Attorney
LOYD, SHANNON E
Retained

Work Phone
210-775-1424

Fax Phone
210-775-1410

**PLAINTIFF**
PHILLIPS, ALVIE

**DEFENDANT**
METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

Active Attorneys ▼
Lead Attorney



Address
BY SERVING CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

CONDER, DENNIS D
Retained

Work Phone
214-748-5000

Fax Phone
214-748-1421

## Events and Hearings

09/09/2016 NEW CASE FILED (OCA) (OTH)

09/09/2016 ORIGINAL PETITION ▼

Plaintiffs' Original Petition

Comment
**Plaintiffs' Original Petition**

09/09/2016 ISSUE CITATION ▼

ISSUE CITATION

Comment
**9214 8901 0661 5400 0092 1847 90**

09/09/2016 JURY DEMAND ▼

JURY DEMAND

09/14/2016 CITATION ▼

Anticipated Server
**CERTIFIED MAIL**

Anticipated Method
Actual Server
**CERTIFIED MAIL**

Returned

09/26/2016
Comment
CERT MAIL/CM

09/15/2016 RETURN OF SERVICE ▾

Clerk Brife Citation Issued.pdf

09/15/2016 ISSUE CITATION

09/26/2016 RETURN OF SERVICE ▾

METROPOLITAN LLOYDS INS CO OF TEXAS

Comment
METROPOLITAN LLOYDS INS CO OF TEXAS EXEC 9/19/16 CERT MAIL

10/03/2016 ORIGINAL ANSWER - GENERAL DENIAL ▾

Brown v. Metropolitan - Original Answer.pdf

## Financial

BROWN, LORIE

| | | | | | |
|---|---|---|---|---|---|
| Total Financial Assessment | | | | | $421.00 |
| Total Payments and Credits | | | | | $421.00 |
| 9/12/2016 | Transaction Assessment | | | | $413.00 |
| 9/12/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 57803-2016-DCLK | BROWN, LORIE | | ($413.00) |
| 9/16/2016 | Transaction Assessment | | | | $8.00 |
| 9/16/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 59231-2016-DCLK | BROWN, LORIE | | ($8.00) |

## Documents

Plaintiffs' Original Petition

JURY DEMAND

ISSUE CITATION

Clerk Issue Citation Fee.pdf

METROPOLITAN LLOYDS INS CO OF TEXAS

Brown v. Metropolitan - Original Answer.pdf

FILED
DALLAS COUNTY
9/9/2016 1:23:06 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

**1*-CIT CERT MAIL**

CAUSE NO. DC-16-11445

| | | |
|---|---|---|
| LORIE BROWN AND ALVIE PHILLIPS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS | § | DALLAS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs LORIE BROWN and ALVIE PHILIPS file this Original Petition against METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS. ("MetLife") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiffs reside in Dallas County, Texas.

Defendant MetLife is in the business of insurance in the State of Texas. The insurance business done by MetLife in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

1

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

Defendant METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 via certified mail. **Service is requested at this time.**

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Dallas County, Texas because all or part of the conduct giving rise to the causes of action were committed in Dallas County, Texas, and the Plaintiffs and property which is the subject of this suit are located in Dallas County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## BACKGROUND FACTS

Plaintiffs are the owners of a residential insurance policy (hereinafter referred to as "the Policy"), which was issued by MetLife. Plaintiffs own the insured property, which is located at 7005 Andover Court, Rowlett, Texas 75089 (hereinafter referred to as "the Property"). MetLife sold the Policy insuring the Property to Plaintiffs.

A tornado struck Plaintiff's home and caused severe damages. Plaintiffs asked that MetLife cover the cost of repairs to the Property pursuant to the Policy. Defendant failed to conduct a full, fair and adequate investigation of Plaintiffs' covered damages. Plaintiffs informed MetLife that the damages in their home were not present prior to the tornado and were caused by the tornado. MetLife then sought out an engineer that it knew to be biased and knew would write a report that was favorable for MetLife and that would assist MetLife in underpaying the claim.

2

Thereafter, MetLife informed Plaintiffs their damages are not covered by the Policy.

Pleading further, Plaintiffs tried to avoid litigation and hired a public adjuster to help assist in getting the claim properly addressed. MetLife still wrongfully denied Plaintiffs' claim for full, necessary repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

As a result, MetLife has failed to pay the full amount owed on Plaintiffs' claim by failing to provide full coverage for the damages sustained by Plaintiffs. To date, MetLife continues to delay in the payment for the damages to the Property. Plaintiffs and their counsel attempted on numerous occasions to correspond with MetLife, but it ignored all such attempts and wholly failed to respond forcing Plaintiffs to have to file this suit.

## V.
## CAUSES OF ACTION AGAINST METLIFE

### A.    BREACH OF CONTRACT

MetLife's conduct constitutes a breach of the insurance contract between it and Plaintiffs. Defendant's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

MetLife failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, MetLife refused to pay the full proceeds of the Policy after helping to conduct an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. MetLife' conduct constitutes a breach of the insurance contract between it and Plaintiffs.

3

## B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE

### 1.   UNFAIR SETTLEMENT PRACTICES

Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. MetLife violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

### § 541.051. Misrepresentation regarding Policies.

- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the terms of a policy; and
- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the benefits of a policy.

### § 541.060. Unfair Settlement Practices.

Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;
- making misrepresentations of law;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claim with respect to another portion of the policy;
- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;
- refusing to affirm or deny coverage within a reasonable time;
- refusing to conduct a reasonable investigation;
- ignoring damage known to be covered by the Policies; and/or
- conducting an outcome-oriented investigation in order to provide a basis to underpay the claim.

### § 541.061. Misrepresentation of Insurance Policy.

- Making an untrue statement of material fact;
- Failing to state a material fact necessary to make other statements made not misleading;

4

- Making a misleading statement; and
- Failing to disclose a material matter of law.

## 2.   THE PROMPT PAYMENT OF CLAIMS

MetLife's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

MetLife failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the statutorily mandated time of receiving notice of Plaintiffs' claims. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, MetLife failed to accept or deny Plaintiffs' full and entire claims within the statutorily-mandated time of receiving all necessary information. Their conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

MetLife failed to timely pay the claim after it notified Plaintiffs it accepted the claim. TEX. INS. CODE §542.057.

MetLife failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, they have delayed full payment of Plaintiffs' claims and, to date, Plaintiffs have not received full payment for the covered loss. Their conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Because of MetLife's wrongful acts and omissions, Plaintiffs were forced to retain the

5

professional services of the attorney and law firm who is representing them with respect to these causes of action.

## C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

MetLife's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

From and after the time Plaintiffs' claim was presented to MetLife, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. MetLife's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Further, MetLife's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered losses have not been

6

properly addressed or repaired in the months since the loss occurred, causing further damage to the property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs and losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

7

## VIII.

In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage to the property caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the Defendant violates the Texas Insurance Code section 541 *et. seq.* and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs requests that Defendant provide the information required in a Request for Disclosure.

8

## X.
### FIRST REQUEST FOR PRODUCTION TO METLIFE

1) Produce the non-privileged portion of the MetLife's complete claim file for Plaintiffs' Property relating to or arising out of any damages caused by the loss for which MetLife opened a claim under the Policy.

2) Produce all emails and other forms of communication between MetLife, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' Property which is the subject of this suit.

### XI.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court. FOR THE COURT: Plaintiffs are forced to state a range amount of damages sought although Plaintiffs believes that the amount of damages is solely for the jury to determine. However, because Plaintiffs must state a range of damages, Plaintiffs plead that the damages are more than $100,000.00 but not more than $200,000.00. Plaintiffs further plead for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against MetLife to which Plaintiffs may be justly entitled.

### PLAINTIFFS REQUEST A TRIAL BY JURY

9

Respectfully submitted,

THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone: (210) 775-1424
Facsimile: (210) 775-1410
Electronic Mail: shannon@theloydlawfirm.com

BY: _____

     SHANNON E. LOYD
     State Bar No. 24045706

ATTORNEY FOR PLAINTIFFS

FILED
DALLAS COUNTY
10/3/2016 4:00:15 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-11445

| | | |
|---|---|---|
| LORIE BROWN AND ALVIE PHILLIPS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | 68TH DISTRICT COURT |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| | § | |
| Defendant | § | DALLAS COUNTY, TEXAS |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs, including but not limited to the following policy provisions:

**COVERAGE A - DWELLING**
1.  **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
     A.    the dwelling owned by **you** on the **residence premises**; and

---

**DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 1**

B.     structures, equipment and accessories attached to the dwelling.
Swimming pools not fully enclosed within the dwelling are
covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

**We** cover building equipment, materials and supplies, to the extent of **your**
financial interest, located on or adjacent to the **residence premises** for use in
connection with matinenance, construction, alteration, or repair of the dwelling or
private structures on the **residence premises**.

## COVERAGE B – PRIVATE STRUCTURES
At the location of the **residence premises**:
1.     **we** cover private structures owned by **you** and separated from the dwelling
by clear space; or

\* \* \*

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

### LOSS DEDUCTIBLE CLAUSE
**We** will pay only when a loss exceeds the deductible amount shown in the
Declarations. **We** will pay only that part of the loss over such stated deductible.

### COVERAGE  A  -  DWELLING  AND  COVERAGE  B  -  PRIVATE STRUCTURES
**We** will pay for sudden and accidental direct physical loss or damage to the
property described in Coverages A and B, except as excluded in **SECTION I -
LOSSES WE DO NOT COVER**.

### COVERAGE C - PERSONAL PROPERTY
**We** will pay for sudden and accidental direct physical loss or damage to the
property described in Coverage C when loss or damage is caused by **SECTION I
- BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES
WE DO NOT COVER**.

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes
of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter
how caused, to the property which results directly or indirectly from **fungus and
mold**. There is no coverage for loss which, in whole or in part, arises out of, is
aggravated by, contributed to by acts or omissions of persons, or results from

---

**fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2. **Windstorm or Hail**

**We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1. **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

D. **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

\* \* \*

E. **Earth Movement**, meaning any loss caused by, resulting from, contributed to or aggravated by events that include, but are not limited to:

1. earthquake and earthquake aftershocks;
2. volcanic eruption and volcanic effusion;
3. sinkhole;
4. subsidence;
5. mudslide including landslide, mudflow, debris flow, avalanche or sediment;
6. erosion or excavation collapse;
7. except as specifically provided by this endorsement, the sinking, rising, shifting, expanding, bulging, cracking, settling or contracting of the earth, soil or land; and

8.      volcanic explosion and lava flow, except as granted under **SECTION I – ADDITIONAL COVERAGES** for **Volcanic Action**.

This exclusion applies whether or not the earth movement is combined with water or caused by or results from human or animal forces or any act of nature.

\* \* \*

3.    **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:
   A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;
   \* \* \*
   C.    except as specifically provided by this endorsement, settling, cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios, foundations, footings, supports, walls, floors, roofs, or ceilings.

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with

the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiffs.

Specifically, the subject insurance policy provides as follows:

## SECTION I - CONDITIONS

\* \* \*

2.    **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

   A.    Promptly notify **us** or **our** representative.
      . . .
   B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
   C.    Cooperate with us in the investigation of a claim.
      . . .
   E.    At any reasonable time and place **we** designate, and as often as **we** reasonably require:
      1.    show **us** the damaged property;

2.   submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

3.   allow **us** to examine and copy or abstract any records and documents **we** request.

...

Pleading further, Plaintiffs failed to promptly repair the roof of their property and based upon information and belief, has not performed necessary repairs to the property.

### III.  JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:   Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _3rd_ day of _October_, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

_____
Dennis D. Conder

PAN/PLDG/574545.1/001466.16921

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORIE BROWN AND ALIVE PHILLIPS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 3:16-cv-2908 |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | **(JURY)** |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF NOTICE

TO THE UNITED STATES DISTRICT COURT:

The undersigned, attorney of record for Defendant Metropolitan Lloyds Insurance Company of Texas, certifies that on October 17, 2016 a copy of the Notice of Removal of this action was filed with the clerk of the 68th Judicial District Court, Dallas County, Texas, and that written notice of the filing of Notice of Removal was delivered to the attorney of record for the party named above as the Plaintiffs in this action.  Attached to the notices were copies of the Notice of Removal.  Removal of this action is effective as of that date, pursuant to 28 U.S.C. § 1446.

Respectfully submitted,

STACY & CONDER, LLP


_____/s/ - Dennis D. Conder_____
By:    Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

<u>**CERTIFICATE OF SERVICE**</u>

      On October 17, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


_____/s/ - Dennis D. Conder_____
Dennis D. Conder

PAN/PLDG/575446.1/001466.16921

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lorie Brown and Alvie Phillips

**(b)** County of Residence of First Listed Plaintiff   **Dallas County, TX**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Shannon E. Loyd, The Loyd Law Firm, PLLC, 12703 Spectrum Drive, Suite 201, San Anotnio, TX  78249; 210-625-5945

## DEFENDANTS

Metropolitan Lloyds Insurance Company of Texas

County of Residence of First Listed Defendant   **Kent County, RI**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Dennis D. Conder, Stacy & Conder, LLP, 901 Main Street, Suite 6200, Dallas, Texas  75202; 214-748-5000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government  Plaintiff
- ☐ 3  Federal Question  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government  Defendant
- **X** 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. §§ 1332(a); 1441(a); and 1446

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE   **10/17/2016**

SIGNATURE OF ATTORNEY OF RECORD   */s/ Dennis D. Conder*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**United States District Court**
**Northern District of Texas**

**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office.  Additional sheets may be used as necessary.**

1.     **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| <u>Court</u> | <u>Case Number</u> |
| --- | --- |
| 68th Judicial District Court | DC-16-11445 |
| Dallas County, Texas | |

2.     **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| <u>Party and Party Type</u> | <u>Attorney(s)</u> |
| --- | --- |
| Plaintiffs, Lorie Brown and Alvie Phillips | Shannon E. Loyd<br>The Loyd Law firm, P.L.L.C.<br>12703 Spectrum Dr., Suite 201<br>San Antonio, TX  78249<br>210-625-5945<br>210-775-1424<br>210-775-1410 – fax<br>shannon@theloydlawfirm.com |
| Defendant, Metropolitan Lloyds Insurance Company of Texas | Dennis D. Conder<br>Stacy & Conder, LLP<br>901 Main Street, Suite 6200<br>Dallas, Texas  75202<br>214-748-5000<br>214-748-1421 – fax<br>conder@stacyconder.com<br>SBN 04656400 |

3.     **Jury Demand:**

Was a Jury Demand made in State Court?          **X  Yes**     No
If "*Yes*," by which party and on what date?

**Supplemental Civil Cover Sheet**
**Page 2**

Plaintiffs _____          September 9, 2016 _____

Defendant _____          October 3, 2016 _____
Party                                               Date

4.      **Answer:**

Was an Answer made in State Court?          **X Yes**    No

If "*Yes*," by which party and on what date?

Defendant _____          October 3, 2016 _____
Party                                               Date

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                 **Reason(s) for No Service**

N/A

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                 **Reason**

N/A

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                 **Claim(s)**

Plaintiff                                 Breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing